■ In the Matter of CELESTE JACKSON, Petitioner, v WILLIAM J. GRINKER, as Commissioner of the Department of Social Services of the City of New York, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services dated December 23, 1987, which, after a hearing, affirmed a determination of the respondent Commissioner of the City of New York Department of Social Services, dated September 18, 1987, which discontinued the petitioner's food stamp authorization as of October 8, 1987.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, there was substantial evidence to support the State Commissioner's determination that the local agency's decision to discontinue the peti-

tioner's food stamp authorization as of October 8, 1987, was correct, since the petitioner had resources in excess of the maximum allowable limit. That the petitioner allegedly divested herself of these excess funds on October 21, 1987, prior to the fair hearing held on November 20, 1987, was not relevant to the issue before the State Commissioner, i.e., the petitioner's eligibility as of the time period under review. Further, the State regulations provide, in pertinent part, that an applicant who transfers resources for the purpose of qualifying or attempting to qualify for food stamp authorization shall be disqualified from participation in the food stamp program for up to one year from the date of the discovery of the transfer (see, 18 NYCRR 387.9 [a] [6] [i]). Therefore, the use of the date of the fair hearing to determine whether the petitioner's food stamp authorization should have been discontinued would not have permitted the local agency to investigate the divestiture of the funds by the petitioner. Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.